656 S.E.2d 343

**In the Matter of Leroy Jonathan DuBRE, Respondent.**

No. 26399.

Supreme Court of South Carolina.

Submitted Oct. 30, 2007.

Decided Dec. 10, 2007.

Rehearing Denied Feb. 21, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Leroy Jonathan DuBre, of Greenville, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

■ Brock & Scott, PLLC, is a law firm with its principal place of business in Winston Salem, North Carolina. At one time, Brock & Scott had several other offices in North Carolina and in Greer, South Carolina. Respondent was employed with Brock & Scott as managing attorney of the Greer office from May 2005 to February or March 2006.

In March 2006, Brock & Scott was retained to file a complaint on behalf of Client A who was seeking a deficiency judgment on the foreclosed property of Complainants. In March 2006, respondent signed the Summons and Complaint and Plaintiff's Interrogatories and Request for Production of Documents in the collection action. The Summons and Complaint were served on the Complainants on or about March 31, 2006. On or about April 18, 2006, the Complainants served their answer at the Greer office of Brock & Scott.

On or about June 15, 2006, Brock & Scott moved for a default judgment on behalf of Client A. The motion was granted. Upon notification of the default judgment, Complainants notified Brock & Scott of their prior answer to the complaint. Brock & Scott then notified the court of the error in seeking the default judgment and requested that the default

judgment be set aside. The judgment was set aside by order dated August 17, 2006.

Respondent maintains he took no actions on Complainants' case other than signing the Summons and Complaint and the Plaintiff's Interrogatories and Request for Production of Documents. Respondent states that the Summons and Complaint and the Plaintiff's Interrogatories and Request for Production of Documents were prepared in the Winston Salem office and forwarded to the Greer office for his signature. Respondent also states he forwarded the signed Summons and Complaint and the Plaintiff's Interrogatories and Request for Production of Documents to the Winston Salem office and all other matters were handled through the Winston Salem office.

Respondent represents there were no attorneys in the Winston Salem office who were licensed to practice law in South Carolina. Respondent admits that his actions assisted in the unauthorized practice of law.

### Matter II

Respondent represents he signed an estimated fifty (50) to one hundred and fifty (150) Summons and Complaints for Brock & Scott but performed no other action on the cases. He represents that in collection proceedings it was the practice of Brock & Scott to handle the entire action from the Winston Salem office and respondent's only function was the signing of documents to be filed with the court.

Further, respondent admits that his responsibilities as managing attorney for the Greer office included the marketing and closing of loans. Respondent states that when he solicited clients, he distributed a package of information which contained contact information for Brock & Scott. Respondent admits the telephone number in the material appeared to be a South Carolina number but was actually a "backdoor" number which directly contacted the Winston Salem office. Respondent states the same was true for the facsimile number provided to potential clients.

Respondent maintains he became very concerned about the procedures employed by Brock & Scott in its collection matters and that he made several attempts to become more involved in the collections procedures. He asserts he resigned

from the law office of Brock & Scott when his attempts to become more active were unsuccessful.

ODC agrees respondent has been very cooperative and forthright in ODC's investigation of these matters.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.5 (lawyer shall not assist non-lawyer in the unauthorized practice of law) and Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.